# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT LOWE,<br><br>                              Plaintiff,<br><br>v.<br><br>USMS JEFFERSON, et al.,<br><br>                              Defendants. | Case No. 2:23-cv-00211-GMN-BNW<br><br>ORDER DISMISSING AND CLOSING CASE |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a federal inmate. (ECF No. 1-1). On September 29, 2023, the Court screened Plaintiff Scott Lowe's Complaint, dismissing his constitutional claims for damages against USMS Jefferson with leave to amend by October 31, 2023, and dismissing his other claims with prejudice. (ECF No. 5). The Court also ordered Lowe to file his updated address by October 31, 2023, and sent him a courtesy copy of the order and its attachments to his new address—FCI Coleman Medium. (*Id.* at 12–13). The Court warned Lowe that this action would be subject to dismissal if he did not timely comply. (*Id.* at 12). That deadline expired without an updated address, amended complaint, or other response from Lowe.

**I.     DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

1  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Lowe's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed without an amended complaint, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources because Lowe ignored the first order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

II.   **CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file his updated address and an amended complaint in compliance with the Court's September 29, 2023, order, leaving no claims pending. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Scott Lowe wishes to pursue his claims, he must file a complaint in a <u>new</u> case, provide his

updated address to the Court, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

  The Clerk of the Court is further directed to **SEND** Scott Lowe a courtesy copy of this order by mailing the same to: Scott Lowe, #40204-013, FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, Florida 33521.

DATED:  November 15, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE